UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA M. DEPASQUALE d/b/a HAVENS TOYS | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| NAFTULA JACOBOWITZ a/k/a Nat Jacobs a/k/a Matt Jacob, individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57; and THROOP 57, LLC; and SHAINDY JACOBOWITZ a/k/a Sandy Jacobs, individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations; and LISA MARTIN, individually and on behalf of Quality Encapsulations, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | JANUARY 22, 2015 |

## COMPLAINT

The plaintiff, BARBARA M. DEPASQUALE d/b/a HAVENS TOYS ("Plaintiff"), by and through her undersigned attorneys, and for this Complaint for injunctive and other relief against the defendants, NAFTULA JACOBOWITZ a/k/a Nat Jacobs a/k/a Matt Jacob ("Mr. Jacobs"), individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57, and THROOP 57, LLC ("Throop 57"), and SHAINDY JACOBOWITZ a/k/a Sandy Jacobs ("Ms. Jacobs"), individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations, and LISA MARTIN ("Ms. Martin"), individually and on behalf of Quality Encapsulations (collectively, "Defendants"), hereby states and alleges the following:

1

**Nature of Action**

1. This action seeks a declaratory judgment, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, that Plaintiff's sales of "Pure Garcinia Cambogia" does not violate the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, and further alleges unfair competition and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.,* by the Defendants.  Plaintiff seeks a declaratory judgment, injunctive relief to enjoin Defendants from future/ongoing violations, and monetary damages.

**Parties, Jurisdiction and Venue**

2. Plaintiff is a domiciliary, and thus citizen, of the State of Connecticut. Plaintiff does business primarily through her Amazon.com store, and does business as "HAVENS TOYS."

3. Upon information and belief, Naftula Jacobowitz (Mr. Jacobs) is a citizen of New York and conducts business, among other places, via Amazon.com, does business as Quality Encapsulations and/or Cure Encapsulations and/or Throop 57, and utilizes the Amazon.com user/store name "Quality Encapsulations."  Upon information and belief, Mr. Jacobs (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and/or (b) derived direct financial benefit from that wrongful conduct.

4. Upon information and belief, Throop 57, LLC (Throop 57) is a New York limited liability company and conducts business, among other places, via eBay.com and Amazon.com, and, in connection with the other defendants, utilizes the Amazon.com

name "Quality Encapsulations."  Upon information and belief, Throop is operated and controlled by Mr. Jacobs.

5. Upon information and belief, Shaindy Jacobowitz (Ms. Jacobs) is a citizen of New York, does business as Cure Encapsulations and/or Quality Encapsulations, and, in conjunction with the other defendants, operates or participates in the operation of Amazon.com user/store name "Quality Encapsulations."  Upon information and belief, Ms. Jacobs (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and/or (b) derived direct financial benefit from that wrongful conduct.

6. Upon information and belief, Lisa Martin (Ms. Martin) does business as or on behalf of Quality Encapsulations, and, in conjunction with the other defendants, operates or participates in the operation of Amazon.com user/store name "Quality Encapsulations."  Upon information and belief, Ms. Martin (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and/or (b) derived direct financial benefit from that wrongful conduct.

7. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction), consistent with 28 U.S.C. § 2201, as well as 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1367 (supplemental jurisdiction).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

9. Personal jurisdiction exists over Defendants in this District in that Defendants (a) transact business within the state and/or (b) committed one or more

tortious acts within the District, and/or (c) committed one or more tortious acts outside the District causing injury to person or property within this District, and (i) Defendants regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this District, or (ii) Defendants expect or should reasonably have expected the acts alleged herein to have consequences in this District and they derive substantial revenue from interstate or international commerce.

**Facts Common to All Claims**

10. Defendants purport to be, and upon information Defendants are, the manufacturer and/or distributor of a product known as "Pure Garcinia Cambogia," a dietary supplement (hereafter, "PGC").

11. Upon information and belief, Defendants sell PGC, among other places, via Amazon.com, including via "FBA PRIME" (Fulfillment By Amazon PRIME), a process through which sellers supply Amazon.com with products and allow Amazon.com to fulfill orders from customers directly (and ship them via Amazon.com's "PRIME" 2-day shipping).

12. Plaintiff purchased PGC, in bulk, from Defendants via Amazon.com, through her Amazon.com "PRIME BUYER" account, and Amazon.com shipped the PGC to Plaintiff at Plaintiff's business address.

13. Plaintiff, in lawful possession of the PGC, as a result of having purchased it as described above, thereafter sold lesser quantities of the PGC that she possessed as a result of the above purchase, and shipped each package directly to third party customers.

14. Defendants – identifying themselves as the "Quality Encapsulations Team" – have sent at least one cease and desist letter to Plaintiff, claiming that Plaintiff "is selling [Defendants'] product" and threatening that, "if [Defendants] don't see [Plaintiff] removing the product promptly, [Defendants] will be forced to take immediate and rigorous action."

15. Upon information and belief, Defendants, representatives of Defendants, and/or individuals acting on behalf of or for the benefit of Defendants have purchased PGC from Plaintiff via Amazon.com, falsely claimed to have never received the product (or that he/she received a different product), and submitted false negative feedback and/or other false complaints to Amazon.com, and/or made similar statements to third parties, claiming Plaintiff failed to successfully deliver genuine products through Amazon.com. In addition, Defendants filed approximately 12 false Amazon A-Z claims.

16. As a result of Defendants' conduct, Plaintiff has suffered various injuries and damages, including, but not necessarily limited to: loss of Amazon.com **FEATURED MERCHANT** status (originally acquired in 2008); loss of Amazon.com **BUY BOX** eligibility; loss of ability to sell in specific categories (including holiday toys and games for 8 weeks), and subject to possible suspension, due to poor **ODR** (Order Defect Rate); damaged business reputation; loss of customers and goodwill; and significant loss of revenue.

## COUNT I

## Declaratory Judgment that Plaintiff's Sales Do Not Violate Lanham Act
## (28 U.S.C. § 2201; 15 U.S.C. § 1114)

17.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 16, inclusive.

18.     Defendants, through the Amazon.com BUYER account of "LISA MARTIN," purportedly speaking on behalf of the "Quality Encapsulations Team," have threatened to take action against Plaintiff for allegedly selling "counterfeit products" that infringe Defendants' "brand."

19.     Specifically, Defendants have asserted:

"It has come to our attention that your company is selling our product, 'Pure Garcinia Cambogia-manufactured and packaged by Quality Encapsulations' on amazon.  Since we sell these solely to Quality Life Essentials, and no one else, we are certain that you are offering counterfeit products to your consumers **whilst** leading them to believe that they are buying our brand.  We are hereby informing you that if we don't see you removing the product promptly, we will be forced to take immediate and rigorous action.
Thank you,
Quality Encapsulations Team"

20.     Plaintiff construes the above as a claim that Plaintiff is committing trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114, *et seq.*, and as a threat of potential litigation regarding same.

21.     Despite Defendants' apparent belief, the sale of a trademarked article does not, without more, constitute a Lanham Act violation. The First Sale Doctrine recognizes that the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product. The Lanham Act does not give mark holders the right to control subsequent, non-authorized resales, as long as the product sold is genuine.

22. Defendants claim to sell authentic PGC via Amazon.com, and have provided such PGC to Amazon.com for shipping to any/all Amazon.com PRIME BUYERS who purchase via Amazon.com FBA distribution.

23. Plaintiff purchased genuine PGC utilizing this very method – namely via Amazon.com through Plaintiff's Amazon.com "PRIME BUYER" account, and Amazon.com shipped the PGC to Plaintiff's business address.

24. Plaintiff's subsequent sales of PGC from her business address to other customers via Amazon.com are therefore protected by the First Sale Doctrine, and do not constitute trademark infringement.

25. Plaintiff prays for a Declaratory Judgment that her re-sales of genuine PGC do not violate the Lanham Act or other applicable law.

## COUNT II
### Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)

26. Plaintiff incorporates the allegations from paragraphs 1 through 25 as if fully set forth herein.

27. Defendants' conduct – which includes, but is not limited to, publishing false, negative comments about Plaintiff and the products sold by Plaintiff on Amazon.com – constitutes unfair competition under the Lanham Act. Specifically, Defendants have used in commerce a false or misleading description of fact, or false or misleading representation of fact, which, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Plaintiff's goods, services, or commercial activities.

28. Defendants' statements actually deceive or are likely to deceive a substantial segment of the intended audience.

29. That deception is material, in that it is likely to influence purchasing decisions.

30. Defendants' have caused their statements to enter interstate commerce.

31. Defendants' false statements were made in bad faith, and for no other apparent purpose but to injure a competitor who is selling a competing (in fact, identical) product.

32. As a direct and proximate result of such unfair competition, including Defendants' disparagement of Plaintiff's business and products, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to her business, reputation, and goodwill.

## COUNT III
## Common Law Unfair Competition

33. Plaintiff incorporates the allegations from paragraphs 1 through 32 as if fully set forth herein.

34. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Connecticut.

35. Prior to the acts undertaken by Defendants, Plaintiff had developed a strong online/business reputation as a seller of legitimate, quality products delivered in a timely manner.

36. The acts and conduct of Defendants are likely to cause confusion, mistake, and/or uncertainty among customers, end users and the public.  These acts

and conduct are likely to deceive and/or mislead the public by, among other things, leading the public to conclude, incorrectly, that the Plaintiff is selling illegitimate products and/or products that differ from their respective offers on Amazon.com.

37. The effect of Defendants' unfair competition is likely to cause confusion and uncertainty in Plaintiff's business and injure Plaintiff pecuniarily or otherwise, as well as to deceive and/or mislead the public.

38. Defendants' conduct as alleged above has damaged Plaintiff and resulted in an unjust gain of profit to Defendants in an amount that is unknown at the present time.

## COUNT IV
### Connecticut Unfair Trade Practices Act (CUTPA)
Conn. Gen. Stat. §§ 42-110a, *et seq.*

39. The Plaintiff incorporates the allegations from paragraphs 1 through 38 as if fully set forth herein.

40. Each Defendant is a "person" within the meaning of Conn. Gen. Stat. § 42-110a.

41. With respect to the foregoing acts and conduct, Defendants were engaged in the conduct of trade or commerce, as those terms are defined in the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a, *et seq.*

42. The foregoing conduct by Defendants constitutes unfair methods of competition, deceptive acts or practices in the conduct of a trade or commerce, and/or unfair acts or practices in the conduct of a trade or commerce, in violation of CUTPA, in that such conduct is offensive to public policy, egregious, unconscionable, immoral,

unethical, oppressive, deceptive and/or unscrupulous, and has caused, and may continue to cause, substantial injury to Plaintiff, in addition to consumers and/or others.

43.     The foregoing conduct by Defendants has caused, and in the future will continue to cause, ascertainable loss to Plaintiff.

44.     Contemporaneously with the filing hereof, a copy of this Complaint has been submitted to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection in accordance with Conn. Gen. Stat. § 42-110g.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants as follows:

   a. A Declaratory Judgment that Plaintiff's sales of legitimate PGC do not violate Defendants' rights under the Lanham Act or other applicable law;

   b. Judgment that Defendants have engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125 and/or the common law;

   c. Judgment that Defendants violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*; and

   d. Judgment that Defendants have otherwise injured Plaintiff's business, goodwill and reputation by the acts and conduct set forth in this Complaint;

2. A temporary, preliminary and permanent injunction prohibiting the Defendants, their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with them, from:

   a. Engaging in acts of unfair competition, including acts similar to those identified in this Complaint; and

   b. Committing unfair or deceptive acts or practices in the conduct of a trade or commerce, or engaging in other conduct that is offensive to public policy, or which is egregious, unconscionable, immoral, unethical, oppressive, deceptive and/or unscrupulous, inasmuch as such conduct or acts may cause injury to Plaintiff, consumers and/or others;

3. That the Court order Defendants to pay:

a. Plaintiff's damages, and Defendant's profits, under the Lanham Act, and as allowed by 15 U.S.C. § 1117(a), including, but not limited to, recovery of Plaintiff's attorney's fees;

b. Plaintiffs' compensatory and exemplary/punitive damages under Connecticut common law;

c. Plaintiffs' damages pursuant to CUTPA, Conn. Gen. Stat. § 42-110g, including, but not limited to, compensatory and punitive damages and attorneys' fees; and

d. Plaintiffs' other damages in an amount to be determined pursuant to Connecticut, federal, or otherwise applicable law;

4. That the Court order Defendant to pay to Plaintiff the costs of this action, interest, and the reasonable attorney's fees incurred by Plaintiff in prosecuting this action; and

5. That the Court grant Plaintiff such other and additional relief as is just and proper.

Dated this 22nd day of January, 2016.

> THE PLAINTIFF
> BARBARA M. DEPASQUALE d/b/a
> HAVENS TOYS
>
> By: _____/s/_____
> Brian C. Roche – ct17975
> Gerald C. Pia, Jr. – ct21296
> Roche Pia LLC
> Two Corporate Dr., Suite 248
> Shelton, CT 06484
> 203.944.0235 (telephone)
> 203.567.8033 (facsimile)
> broche@rochepia.com
> gpia@rochepia.com