UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

BARBARA M. DEPASQUALE d/b/a
HAVENS TOYS,
Plaintiff,

-against-

NAFTULA JACOBOWITZ a/k/a Nat Jacobs a/k/a Matt Jacob, individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57; and THROOP 57, LLC; and SHAINDY JACOBOWITZ a/k/a Sandy Jacobs, individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations; and LISA MARTIN, individually and on behalf of Quality Encapsulations,
Defendants.

Docket # 3:16-cv-00100 JAM
**ANSWER AND COUNTERCLAIMS**

Defendants Naftula Jacobowitz a/k/a Nat Jacobs a/k/a Matt Jacob, individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57 and Shaindy Jacobowitz a/k/a Sandy Jacobs individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations (collectively, "Answering Defendants") , by and through their undersigned attorneys, for their answer and counterclaims to the complaint of plaintiff Barbara M. Depasquale d/b/a Havens Toys ("Depasquale"):

1. Deny knowledge sufficient to form a belief as to the allegations of paragraphs 1 and 2.

2.  Deny the allegations of paragraph 3, except state that Naftula Jacobowitz (Mr. Jacobs) is a citizen of New York and deny knowledge sufficient to form a belief as to his participation in the allegedly wrongful conduct, as the conduct is insufficiently specified.

3.  Regarding the entities who are or may be the subject of Depasquale's allegations, Cure Encapsulations, Inc. ("Cure Encapsulations"), is a New York corporation, as is Quality Life Essentials, Inc. Throop 57 LLC is a New York limited liability corporation. Answering Defendants refer the Court and parties to the entity information on file with the New York Secretary of State for the entities and to the records of Amazon regarding business done by the individuals and/or entities.

4.  Deny the allegations of paragraph 4, except refer the Court and parties to the entity information on file with the New York Secretary of State for Throop 57, LLC and to the records of Ebay and Amazon regarding business done by the individuals and/or entities.

5.  Deny the allegations of paragraph 5, except state that Shaindy Jacobowitz (Ms. Jacobs) is a citizen of New York and deny knowledge sufficient to form a belief as to her participation in the allegedly wrongful conduct, as the conduct is insufficiently specified. *See also* ¶3, *supra*, regarding entities.

6. The allegations of paragraph 6 are directed at a non-answering defendant, Lisa Martin. Insofar as the allegations require an answer by Answering Defendants, they deny knowledge sufficient to form a belief as to those allegations, as they are insufficiently specified. *See also* ¶3, *supra,* regarding entities.

7. Deny knowledge sufficient to form a belief as to the allegations of paragraphs 7 and 8.

8. Deny the allegations of paragraph 9.

9. Deny the allegations of paragraphs 10 and 11, except state that one or more of the individuals and/or entities are the manufacturer and/or distributor of Garcinia Cambogia, packaged by Quality Encapsulations.

10. Deny knowledge sufficient to form a belief as to the allegations of paragraph 12, except state that one or more of the individuals and/or entities sells Garcinia Cambogia on Amazon, and refer the Court and parties to the records of Amazon regarding business done by the individuals and/or entities.

11. Deny knowledge sufficient to form a belief as to the allegations of paragraph 13.

12. Deny the allegations of paragraph 14, except refer the Court and parties to the letter allegedly written by the Quality Encapsulations Team for its contents.

13.     Deny knowledge sufficient to form a belief as to the allegations of paragraph 15, as they are insufficiently specified.

14.     Deny knowledge sufficient to form a belief as to the allegations of paragraph 16.

15.     In response to paragraph 17, repeat and re-allege their answers to paragraphs 1 through 16.

16.     Deny the allegations of paragraphs 18 and 19, except refer the Court and parties to the letter allegedly written by the Quality Encapsulations Team for its contents.

17.     Deny knowledge sufficient to form a belief as to the allegations of paragraph 20.

18.     Paragraph 21 states a legal conclusion which does not require an answer. Insofar as an answer is required, Answering Defendants deny the allegations of paragraph 21.

19.     Deny the allegations of paragraph 22, except state that one or more of the individuals and/or entities sells authentic Garcinia Cambogia on Amazon, and refer the Court and parties to the records of Amazon regarding business done by the individuals and/or entities.

20.     Deny knowledge sufficient to form a belief as to the allegations of paragraph 23.

21.     Deny the allegations of paragraph 24.

22.     Oppose the relief sought in paragraph 25.

23. In response to paragraph 26, repeat and re-allege their answers to paragraphs 1 through 25.

24. Deny the allegations of paragraphs 27 through 32.

25. In response to paragraph 33, repeat and re-allege their answers to paragraphs 1 through 32.

26. Deny the allegations of paragraphs 34 through 38.

27. In response to paragraph 39, repeat and re-allege their answers to paragraphs 1 through 38.

28. Paragraph 40 alleges a legal conclusion as to which no answer is required.

29. Deny the allegations of paragraphs 41 through 43.

30. Deny knowledge as to the allegations of paragraph 44.

31. Oppose the relief requested.

Factual Allegations Underlying Affirmative Defenses and Counterclaims

32. The manufacturer, distributor and/or seller of Garcinia Cambogia, packaged by Quality Encapsulations ("Garcinia Cambogia") (including on Amazon) are one or more of Answering Defendants. (This allegation is made without prejudice to the defense that Depasquale has misnamed the individuals and/or entities who are Answering Defendants).

33.     Answering Defendants have registered a trademark to the logo, "Quality Encapsulations" (the "Mark", see annexed copy), which they place on their Garcinia Cambogia, and have spent substantial sums advertising it.

34.     Upon information and belief, Depasquale, with the assistance of others including Morris Cohen, generated false orders for Garcinia Cambogia with Answering Defendants, disguising the source of the purported orders, and published false negative reviews, comments and votes concerning the product, all for the sole and/or primary purpose of disrupting Answering Defendants' business and causing confusion as to the Mark. Depasquale had no genuine business involving Pure Garcinia Cambogia and never intended to.

35.     On Amazon, Depasquale, knowing that Answering Defendants offer Garcinia Cambogia for $20, offered herself to sell it on Amazon for $40. Depasquale's business was not genuine or could it genuinely compete at twice the price.

36.     In or about May 2015, Depasquale created what falsely appeared to be an offer to sell Garcinia Cambogia on Amazon. Depasquale had no inventory of Garcinia Cambogia, never intended to have any and accordingly were unable to ship the product. Answering Defendants became aware that Depasquale attempted to purchase Garcinia Cambogia from them on ebay and Amazon.

37. Depasquale further claims that her company "uses an invisible mark on all of our product packaging and has distribution contracts with our manufacturers that uses same invisible company mark on all items before they are sealed". Depasquale has no such distribution contract with Answering Defendants. Depasquale's claims regarding her mark are false, misleading and confusing.

38. On or about October 24, 2015, Depasquale, using Morris Cohen, placed the following false review on Amazon: "Product is worthless and made me sick after 3 days. I was given the product for FREE and supposed to leave a great 5 STAR review but won't. This is a complete crock and product not 100% pure at all, had it tested. DDO NOT WASTE YOUR MONEY OR HEALTH!"

39. Depasquale, using Morris Cohen, placed orders on Amazon which were drop shipped: 111-0585814-6793002, 111-2262011-5618648, 002-8124746-7887452, 002-3734075-9785821, 002-2887340-1869017, 107-2300614-5126666, 106-8534986-0640222, 106-6140323-5043422

## Affirmative Defenses

40. The complaint fails to state a claim for relief.

41. The Court lacks personal jurisdiction over the Answering Defendants, who lack minimum contacts with the forum sufficient to satisfy due process.

Depasquale's claims are barred by the following:

42. Estoppel.

43. Unclean hands.

44. Waiver.

45. Laches.

46. Applicable statute(s) of limitations.

47. Without admitting Answering Defendants caused any damage, loss or injury to Depasquale, Depasquale's claims are barred, in whole or part, by her failure to prevent and/or mitigate such damage, loss or injury.

48. Depasquale's own conduct, or the conduct of her agents, representatives, and consultants, caused any damage, loss or injury.

49. Depasquale violated Amazon's rules, including regarding drop shipping. Depasquale's conduct was unlawful.

50. Depasquale is required to seek redress through Amazon and failed to do so.

51. Depasquale consented to Amazon's terms and conditions.

52. Depasquale has an adequate remedy at law; the alleged injury is not immediate or irreparable.

53. Depasquale made alleged transactions with full knowledge of risks.

54. Depasquale has named the wrong parties and has failed to name necessary parties.

55. Answering Defendants' alleged conduct consisted of reasonable steps to protect their own rights.

56. Depasquale is prosecuting her Lanham Act and other claims without regard to their outcome and only for the purpose of involving what she believes to be her direct competitors in ruinous litigation costs in order to run them out of business and monopolize given markets or lines of commerce.

57. The first sale doctrine does not apply to Depasquale's purported sales. Depasquale altered the Pure Garcinia Cambogia allegedly provided by Answering Defendants and the Pure Garcinia Cambogia, allegedly packaged by Answering Defedants, allegedly offered by Depasquale is materially different than the Pure Garcinia Cambogia actually packaged by Answering Defendants.

As and for counterclaims, Answering Defendants allege:

### FIRST COUNTERCLAIM
### (11 USC §1125)

1. Answering Defendants repeat and re-allege paragraphs 32-39 as paragraphs 1-8 of their counterclaim.

9. Depasquale, on or in connection with goods and services, and containers for goods, used in commerce words, terms, names, symbols, or devices, or any combination thereof, and false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which:

   a. Were likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Depasquale with Answering Defendants, and as to the origin, sponsorship, or approval of Depasquale's goods, services, or commercial activities by Answering Defendants;

   b. in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of her or another person's goods, services, or commercial activities,

10. Answering Defendants were and are likely to be damaged by such acts.

11. The Mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

12. The Mark is distinctive, inherently or through acquired distinctiveness.

13. The Mark is famous as it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the Mark's

owner.

14. Depasquale, after the Mark had become famous, commenced use of a mark or trade name in commerce that was likely to cause dilution by blurring or dilution by tarnishment of the famous Mark.

15. Answering Defendants, owner of the famous Mark, are entitled to an injunction against Depasquale, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

16. "Dilution by blurring" is association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark.

17. "Dilution by tarnishment" is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark.

18. The mark or trade name that is likely to cause dilution by blurring or dilution by tarnishment was first used in commerce by the person against whom the injunction is sought after October 6, 2006.

19. Depasquale willfully intended to trade on the recognition of the famous Mark and to harm the reputation of the famous Mark.

WHEREFORE, Answering Defendants demand judgment for monetary damages and other relief to which they may be entitled:

Dated: April 4. 2016

        Attorney for defendants

        <u>Daniel Green /S/</u>
        Begos Brown & Green LLP
        2425 Post Road, Suite 205
        Southport, CT 06890
        (203) 254-1904
        <u>Dgreen@bbgllp.com</u>

## Certification

I hereby certify that on April 4, 2016, a copy of the foregoing was delivered electronically to Attorney Gerald C. Pia, JR <u>gpia@rochepia.com</u>.

        __/s/_____
        Daniel Green