UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA M. DEPASQUALE d/b/a HAVENS TOYS,
Plaintiff,

-against-

NAFTULA JACOBOWITZ a/k/a Nat Jacobs a/k/a Matt Jacob, individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57; and THROOP 57, LLC; and SHAINDY JACOBOWITZ a/k/a Sandy Jacobs, individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations; and LISA MARTIN, individually and on behalf of Quality Encapsulations,
Defendants.

3:16-cv-100-JAM

**AMENDED ANSWER AND COUNTERCLAIMS**

Defendants Naftula Jacobowitz a/k/a Nat Jacobs a/k/a Matt Jacob, individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57 and Shaindy Jacobowitz a/k/a Sandy Jacobs individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations (collectively, "Answering Defendants") , by and through their undersigned attorneys, for their amended answer and counterclaims to the complaint of plaintiff Barbara M. Depasquale d/b/a Havens Toys ("Depasquale"):

1. Deny knowledge sufficient to form a belief as to the allegations of paragraphs 1 and 2.

2. Deny the allegations of paragraph 3, except state that Naftula Jacobowitz (Mr. Jacobs) is a citizen of New York and deny knowledge sufficient to form a belief as to his participation in the allegedly wrongful conduct, as the conduct is insufficiently specified.

3. Regarding the entities who are or may be the subject of Depasquale's allegations, Cure Encapsulations, Inc. ("Cure Encapsulations"), is a New York corporation, as is Quality Life Essentials, Inc. Throop 57 LLC is a New York limited liability corporation. Answering Defendants refer the Court and parties to the entity information on file with the New York Secretary of State for the entities and to the records of Amazon regarding business done by the individuals and/or entities.

4. Deny the allegations of paragraph 4, except refer the Court and parties to the entity information on file with the New York Secretary of State for Throop 57, LLC and to the records of Ebay and Amazon regarding business done by the individuals and/or entities.

5. Deny the allegations of paragraph 5, except state that Shaindy Jacobowitz (Ms. Jacobs) is a citizen of New York and deny knowledge sufficient to form a belief as to her participation in the allegedly wrongful conduct, as the conduct is insufficiently specified. *See also* ¶3, *supra,* regarding entities.

6. The allegations of paragraph 6 are directed at a non-answering defendant, Lisa Martin. Insofar as the allegations require an answer by Answering Defendants, they

deny knowledge sufficient to form a belief as to those allegations, as they are insufficiently specified. *See also* ¶3, *supra,* regarding entities.

7. Deny knowledge sufficient to form a belief as to the allegations of paragraphs 7 and 8.

8. Deny the allegations of paragraph 9.

9. Deny the allegations of paragraphs 10 and 11, except state that one or more of the individuals and/or entities are the manufacturer and/or distributor of Garcinia Cambogia, packaged by Quality Encapsulations.

10. Deny knowledge sufficient to form a belief as to the allegations of paragraph 12, except state that one or more of the individuals and/or entities sells Garcinia Cambogia on Amazon, and refer the Court and parties to the records of Amazon regarding business done by the individuals and/or entities.

11. Deny knowledge sufficient to form a belief as to the allegations of paragraph 13.

12. Deny the allegations of paragraph 14, except refer the Court and parties to the letter allegedly written by the Quality Encapsulations Team for its contents.

13. Deny knowledge sufficient to form a belief as to the allegations of paragraph 15, as they are insufficiently specified.

14. Deny knowledge sufficient to form a belief as to the allegations of paragraph 16.

15. In response to paragraph 17, repeat and re-allege their answers to paragraphs 1 through 16.

16. Deny the allegations of paragraphs 18 and 19, except refer the Court and parties to the letter allegedly written by the Quality Encapsulations Team for its contents.

17. Deny knowledge sufficient to form a belief as to the allegations of paragraph 20.

18. Paragraph 21 states a legal conclusion which does not require an answer. Insofar as an answer is required, Answering Defendants deny the allegations of paragraph 21.

19. Deny the allegations of paragraph 22, except state that one or more of the individuals and/or entities sells authentic Garcinia Cambogia on Amazon, and refer the Court and parties to the records of Amazon regarding business done by the individuals and/or entities.

20. Deny knowledge sufficient to form a belief as to the allegations of paragraph 23.

21. Deny the allegations of paragraph 24.

22. Oppose the relief sought in paragraph 25.

23. In response to paragraph 26, repeat and re-allege their answers to paragraphs 1 through 25.

24. Deny the allegations of paragraphs 27 through 32.

25. In response to paragraph 33, repeat and re-allege their answers to paragraphs 1 through 32.

26. Deny the allegations of paragraphs 34 through 38.

27. In response to paragraph 39, repeat and re-allege their answers to paragraphs 1 through 38.

28. Paragraph 40 alleges a legal conclusion as to which no answer is required.

29. Deny the allegations of paragraphs 41 through 43.

30. Deny knowledge as to the allegations of paragraph 44.

31. Oppose the relief requested.

Factual Allegations Underlying Affirmative Defenses and Counterclaims

32. The manufacturer, distributor and/or seller of Garcinia Cambogia, packaged by Quality Encapsulations ("Garcinia Cambogia QE") (including on Amazon) are one or more of Answering Defendants. (This allegation is made without prejudice to the defense that Depasquale has misnamed the individuals and/or entities who are Answering Defendants).

33. Answering Defendants have registered a trademark to the logo, "Quality Encapsulations" (the "Mark", *see* annexed copy), which they place on Garcinia Cambogia QE, and have spent substantial sums advertising it.

34. Upon information and belief, Depasquale has inflicted millions of dollars of damages upon Answering Defendants by:

a. publishing false negative reviews, as well as thousands of false negative comments and votes, regarding Answering Defendants and their products (including Garcinia Cambogia QE) on Amazon and elsewhere;

b. creating a sham business purporting to sell Garcinia Cambogia QE, which was created for the sole purpose of disrupting the business of Answering

Defendants, and in which Depasquale violated Amazon's rules regarding drop shipping due to lack of inventory; and

c. making false and misleading claims regarding placing an invisible mark on products.

35. In addition to doing business as Havens Toys, Depasquale uses the name FourofUs[1] to post false negative reviews and comments and is assisted in the above conduct by Morris Cohen and others including competitors of Answering Defendants.

Publishing False Negative Reviews and Comments

36. Amazon encourages customers to review and make comments about products and services they have purchased on Amazon.[2] A product's rank is heavily dependent on positive or negative reviews and substantially affects sales.

37. A reviewer can comment on reviews published by other reviewers. One technique, repeatedly used by Depasquale/ Havens Toys/FourofUs, was to place false negative comments and votes on every review of every product of Answering Defendants. This not only lowered their product rank, but was readily apparent to and significantly discouraged other reviewers from providing positive reviews. Amazon

---

1 Answering Defendants' primary allegation is that FourofUs is simply a name used by Depasquale. Alternatively, assuming it has any independent existence, Depasquale acted with the assistance of FourofUs.

2 Amazon places restrictions on who can review products.

repeatedly removed the above reviews and comments but Depasquale/FourofUs repeatedly re-posted them, until Amazon took away her ability to do so.

38. Between in or about September and December 2015, for example, Depasquale/FourofUs, placed false negative comments such as the following on Amazon:

> "VERIFIED PURCHASE" can be easily obtained by issuing coupons that often amount for 90-95% of the value which is exactly what this illegitimate company does.
>
> This company, Quality Encapsulations is in no way legitimate
>
> FACTS:
> -There is no telephone number for this company
> -There are no email addresses for this company
> -There is no address for this company
> -There are no registered officers of the company
> -The labels on their product declare MADE IN THE USA which they do NOT have to provide their company information to make that claim. Think back to a year ago when the BIG BOX chains had to remove ALL of their products from shelves because labels said MADE IN USA and were actually made in CHINA and INDIA.
> -The label on their bottle also says CERTIFIED GMP (Good Manufacturing Practices) which anybody can claim and not have to prove.
> -The labels on their products also have no company name, address, phone number or contact number.
> -Their products haven't been tested by anyone, let alone the US FDA.
> -ALL of the minimal products this company has listed have a saturated level of 5 star REVIEWS.
>
> This company is so deceitful it advertised on GOOGLE to get people to leave reviews in exchange for FREE product. People that leave anything less than 5 stars are bullied by "employees" of this company who threaten them via email using hotmail email address. Most of these "employees" are in other countries with limited understanding of the English language. I know of no professional and legitimate company that uses anything but their own company email addresses. Go read the

reviews starting at 1 star, highly informative and mind blowing. Their products could be harmful and/or dangerous for human consumption, do NOT BUY!

39. Between in or about September and December 2015, Depasquale/FourofUs, placed false negative comments such as the following on Amazon: "BUYER BEWARE, this "company" is a total SHAM, read the reviews. There is no website, no email address and no phone number for this "company". The label on their bottle has MADE IN USA (which is a lie), CERTIFIED GMP (Good Manufacturing Practices) which requires NO proof and ZERO information about the "company". The product is 100% garbage and has GELATIN in it. Could be DANGEROUS TO CONSUME!".

40. On or about October 24, 2015, Depasquale, using Morris Cohen, placed the following false negative review on Amazon: "Product is worthless and made me sick after 3 days. I was given the product for FREE and supposed to leave a great 5 STAR review but won't. This is a complete crock and product not 100% pure at all, had it tested. DO NOT WASTE YOUR MONEY OR HEALTH!"

41. As set forth below, the Morris Cohen orders were directly drop shipped to addresses other than his own address. Accordingly, he never received the product and could not have legitimately reviewed it.

Depasquale Created a Sham Business Purporting to Sell Garcinia Cambogia QE, which was Created for the Sole Purpose of Disrupting the Business of Answering

Defendants; Depasquale Violated Amazon's Rules Regarding Drop Shipping Due to Lack of Inventory

42. In conjunction with posting false negative reviews and comments, Depasquale created a sham business purporting to sell Garcinia Cambogia QE, which was created for the sole purpose of disrupting the business of Answering Defendants. Depasquale violated Amazon's rules regarding drop shipping due to lack of inventory.

43. Knowing that Answering Defendants offered Garcinia Cambogia QE for $20 on Amazon, Depasquale offered herself to sell it on Amazon for twice as much, $40.[3] Depasquale's business was not genuine nor could it genuinely compete at twice the price, particularly with a far slower shipping time than Answering Defendants (three weeks versus one or two days). The exceptionally low volume of seller feedback on Amazon indicates that sales were close to non-existent. Rather, the purpose was to disrupt Answering Defendants' business, including by publishing false reviews and comments.

44. Specifically, in or about May 2015, Depasquale created what falsely appeared to be an offer to sell Garcinia Cambogia QE on Amazon. Depasquale had no inventory of Garcinia Cambogia QE, never intended to have any and accordingly was unable to ship the product. When Answering Defendants placed orders with her to find out what she

---

[3] In May 2016, Depasquale purported to offer the same product for $75.

was doing, she generated false orders for the product with Answering Defendants, on ebay and Amazon, disguising the source of the purported orders using Morris Cohen.

45. Depasquale violated Amazon's Drop Shipping Policy, which prohibits an online retailer from:

a. purchasing products from another online retailer and having that retailer ship directly to customers, or

b. shipping orders with packing slips, invoices, or other information indicating a seller name or contact information, other than the online retailer.

46. If a seller violates the policy, Amazon can close its account.

47. Specifically, Depasquale, using Morris Cohen (also an online retailer), placed eight orders on Amazon for Garcinia Cambogia QE which were drop shipped, that is, purchased from Quality Life Essentials, another online retailer, for shipment by that retailer directly to customers: 111-0585814-6793002, 111-2262011-5618648, 002-8124746-7887452, 002- 3734075-9785821, 002-2887340-1869017, 107-2300614-5126666, 106-8534986-0640222, 106-6140323-5043422. Depasquale falsely claimed to Amazon that she shipped the orders.

<u>False and Misleading Claims Regarding Placing Invisible Mark on Products</u>

48. Depasquale falsely claimed that her company "uses an invisible mark on all of our product packaging and has distribution contracts with our manufacturers that uses

same invisible company mark on all items before they are sealed". Depasquale has no such distribution contract with Answering Defendants. Depasquale's claims regarding her mark are false, misleading and confusing and subject her to liability for trademark infringement.

49. Note that Depasquale purports to sell Garcinia Cambogia, packaged by Quality Encapsulations ("Garcinia Cambogia QE") (including on Amazon), with Answering Defendants' Mark on it. She does not purport to offer any another Garcinia Cambogia without defendants' mark. The Mark is sufficiently distinctive to distinguish the user's goods from those of others, including by virtue of having acquired a secondary meaning in the minds of consumers.

50. All of Depasquale's conduct was for the purpose of damaging and disrupting Answering Defendants' business, causing confusion as to the Mark and benefiting competitors of Answering Defendants. Depasquale had no genuine business involving Garcinia Cambogia QE and never intended to.

Affirmative Defenses

51. The complaint fails to state a claim for relief.

52. The Court lacks personal jurisdiction over the Answering Defendants, who lack minimum contacts with the forum sufficient to satisfy due process.

Depasquale's claims are barred by the following:

53. Estoppel.

54. Unclean hands.

55. Waiver.

56. Laches.

57. Applicable statute(s) of limitations.

58. Without admitting Answering Defendants caused any damage, loss or injury to Depasquale, Depasquale's claims are barred, in whole or part, by her failure to prevent and/or mitigate such damage, loss or injury.

59. Depasquale's own conduct, or the conduct of her agents, representatives, and consultants, caused any damage, loss or injury.

60. Depasquale violated Amazon's rules, including regarding drop shipping. Depasquale's conduct was unlawful.

61. Depasquale is required to seek redress through Amazon and failed to do so.

62. Depasquale consented to Amazon's terms and conditions.

63. Depasquale has an adequate remedy at law; the alleged injury is not immediate or irreparable.

64. Depasquale made alleged transactions with full knowledge of risks.

65. Depasquale has named the wrong parties and has failed to name necessary parties.

66. Answering Defendants' alleged conduct consisted of reasonable steps to protect their own rights.

67. Depasquale is prosecuting her Lanham Act and other claims without regard to their outcome and only for the purpose of involving what she believes to be her direct competitors in ruinous litigation costs in order to run them out of business and monopolize given markets or lines of commerce.

68. The first sale doctrine does not apply to Depasquale's purported sales. Depasquale altered the Garcinia Cambogia QE allegedly provided by Answering Defendants and the Garcinia Cambogia QE, allegedly packaged by Answering Defendants, and allegedly offered by Depasquale is materially different than the Garcinia Cambogia QE actually packaged by Answering Defendants.

As and for counterclaims, Answering Defendants allege:

FIRST COUNTERCLAIM
(15 USC §1125)

1. Answering Defendants repeat and re-allege paragraphs 32 through 66 as paragraphs 1 through 35 of the counterclaims.

36. Depasquale, on or in connection with goods and services, and containers for goods, used in commerce words, terms, names, symbols, or devices, or any combination thereof, and false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which were likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Depasquale with Answering Defendants, and as to the origin, sponsorship, or approval of Depasquale's goods, services, or commercial activities by Answering

Defendants, and, in commercial advertising or promotion, misrepresented the nature, characteristics, qualities, or geographic origin of her and Answering Defendants's goods, services, and commercial activities.

37. Answering Defendants were and are likely to be damaged by such acts.

SECOND COUNTERCLAIM
(15 USC § 1114)

38. Answering Defendants repeat and re-allege paragraphs 32 through 66 as paragraphs 1 through 37 of the counterclaims.

39. The Mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register. Answering Defendants filed for the Mark on November 7, 2014. The Mark's registration date was July 28, 2015.

40. The Mark is distinctive, inherently or through acquired distinctiveness.

41. Depasquale, without the consent of the registrant, Answering Defendants, used in commerce a reproduction or copy of the Mark in connection with the sale, offering for sale, distribution, or advertising of goods or services, on or in connection with which such use was likely to cause confusion, or to cause mistake, and to deceive.

42. Answering Defendants were and are likely to be damaged by such acts.

THIRD COUNTERCLAIM
(Common Law Unfair Competition)

43. Answering Defendants incorporate the allegations from paragraphs 1 through 42 as if fully set forth herein.

44. The acts and conduct of Depasquale as alleged above constitute unfair competition pursuant to the common law of the State of Connecticut.

45. Prior to the acts undertaken by Depasquale, Answering Defendants had developed a strong online/business reputation as a seller of legitimate, quality products delivered in a timely manner.

46. The acts and conduct of Depasquale are likely to cause confusion, mistake, and/or uncertainty among customers, end users and the public. These acts and conduct are likely to deceive and/or mislead the public.

47. The effect of Depasquale's unfair competition is likely to cause confusion and uncertainty in Answering Defendants' business and injure Answering Defendants pecuniarily or otherwise, as well as to deceive and/or mislead the public.

48. Depasquale's conduct as alleged above has damaged Answering Defendants and resulted in an unjust gain or profit to Depasquale in an amount that is unknown at the present time.

FOURTH COUNTERCLAIM
Connecticut Unfair Trade Practices Act (CUTPA)
Conn. Gen. Stat. §§ 42-110a, et seq.

49. Answering Defendants incorporate the allegations from paragraphs 1 through 48 as if fully set forth herein.

50. Depasquale is a "person" within the meaning of Conn. Gen. Stat. § 42-110a.

51. With respect to the foregoing acts and conduct, Depasquale was engaged in the conduct of trade or commerce, as those terms are defined in the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a, et seq.

52. The foregoing conduct by Depasquale constitutes unfair methods of competition, deceptive acts or practices in the conduct of a trade or commerce, and/or unfair acts or practices in the conduct of a trade or commerce, in violation of CUTPA, in that such conduct is offensive to public policy, egregious, unconscionable, immoral, unethical, oppressive, deceptive and/or unscrupulous, and has caused, and may continue to cause, substantial injury to Answering Defendants, in addition to consumers and/or others. The foregoing conduct by Depasquale has caused, and in the future will continue to cause, ascertainable loss to Answering Defendants exceeding $3 million.

53. Contemporaneously with the filing hereof, a copy of this Complaint is being submitted to the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection in accordance with Conn. Gen. Stat. § 42-110g.

WHEREFORE, Answering Defendants demand judgment awarding them against plaintiff that:

1. a. plaintiff has engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, the common law, and/or the Connecticut Unfair Trade Practices Act (CUTPA);

b. plaintiff has engaged in trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114;

c. plaintiff has otherwise injured Answering Defendants' business, goodwill and reputation by the acts and conduct set forth in the Counterclaims;

2. A temporary, preliminary and permanent injunction prohibiting the plaintiff, her respective officers, agents, servants, employees, and/or all persons acting in concert or participation with her, from:

a. Engaging in acts of unfair competition, including acts similar to those identified in the counterclaims; and

b. Committing unfair or deceptive acts or practices in the conduct of a trade or commerce, or engaging in other conduct that is offensive to public policy, or which is egregious, unconscionable, immoral, unethical, oppressive, deceptive and/or unscrupulous, inasmuch as such conduct or acts may cause injury to Answering Defendants, consumers and/or others;

c. engaging in trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

3. Ordering Plaintiff to pay to Answering Defendants:

a. monetary damages, including as allowed by 15 U.S.C. § 1117(a), including, but not limited to, recovery of:

b. the costs of this action, profits, costs, punitive damages and interest; and

4. Granting Answering Defendants such other and additional relief as is just and proper.

Dated: May 13. 2016

ANDREW CITRON
/s/Andrew Citron (phv08163)
30 Wall Street
8th Floor
New York, New York 10005
(212) 804–5759
Andrew.citron2@verion.net
Attorney for defendants

Daniel Green
Begos Brown & Green LLP
2425 Post Road, Suite 205
Southport, CT 06890
(203) 254-1904
Dgreen@bbgllp.com

CERTIFICATION

I hereby certify that on May 13, 2016, a copy of the foregoing was delivered electronically to Attorney Gerald C. Pia, Jr. gpia@rochepia.com.

/s/Andrew Citron