UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - x
                                   :
BARBARA M. DEPASQUALE d/b/a        :  No. 3:16CV100(JAM)
HAVENS TOYS,                       :
                                   :
            Plaintiff              :
                                   :
      vs.                          :
                                   :
NAFTULA JACOBOWITZ a/k/a Nat       :
Jacobs a/k/a Matt Jacobs,          :
individually, on behalf of and     :
d/b/a Quality Encapsulations       :
a/k/a Cure Encapsulations,         :
and/or Throop 57; and THROOP 57,   :
LLC; and SHAINDY JACOBOWITZ        :
a/k/a Sandy Jacobs,                :
individually and on behalf of      :
and d/b/a Cure Encapsulations      :
a/k/a Quality Encapsulations;      :
and LISA MARTIN, individually      :
and on behalf of Quality           :
Encapsulations,                    :
                                   :  New Haven, Connecticut
            Defendants             :  June 9, 2016
                                   :
- - - - - - - - - - - - - - - - - x
```

EXCERPT OF MOTION HEARING

RULING

B E F O R E:

    THE HONORABLE JEFFREY ALKER MEYER, U.S.D.J.

Diana Huntington, RDR, CRR
Official Court Reporter

```
 1  A P P E A R A N C E S:
 2
 3      FOR THE PLAINTIFF:
 4          ROCHE PIA LLC
                Two Corporate Dr., Suite 248
 5              Shelton, Connecticut 06484
            BY:  GERALD C. PIA, JR., ESQ.
 6
 7      FOR THE DEFENDANTS:
 8          ANDREW CITRON, ESQ.
                30 Wall Street, 8th Floor
 9              New York, New York 10005
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

A P P E A R A N C E S:

```
 1                    *     *     *     *     *
 2                (Proceedings after oral argument:)
 3            THE COURT:  Okay.  All right.
 4            Thank you to all parties.  I appreciate your
 5   presentations today and also your papers.  I want to keep
 6   the case moving along, so I'm going to rule at this time
 7   on the motion to dismiss.  I'm going to give an oral
 8   ruling.  You're free to obtain a copy of this ruling from
 9   the court reporter, as you would like to.
10            This, of course, is a Lanham Act and unfair
11   trade practices act case between two rival sellers on
12   Amazon.com.  The defendants sold a supplement called
13   "Pure Garcia Combogia," I hope I'm pronouncing that
14   correctly.  Plaintiff brought this case seeking a
15   declaratory judgment that her conduct does not violate the
16   Lanham Act in response, apparently, to cease-and-desist
17   letters received from defendants and seeking damages under
18   the Lanham Act and state unfair competition law.
19            Defendants, of course, have filed an answer, and
20   most recently for amended counterclaims that allege:
21   first, for deceptive acts, misleading acts under the
22   Lanham Act, 15 U.S.C. 1125; second, for deceptive use of a
23   trademark under 15 U.S.C. 1114; third, for unfair
24   competition under state common law; and fourth, for CUTPA.
25            Of course, plaintiff now moves to dismiss
```

1  defendants' counterclaims.  There is no dispute between
2  the parties concerning the applicable standard here for my
3  review of the pleadings to ascertain whether the pleadings
4  establish at least plausible grounds for relief on their
5  face.
6          As to defendants' counterclaim for deceptive
7  acts under 15 U.S.C. 1125, I will deny plaintiff's motion
8  to dismiss.  Section 43(a) of the Lanham Act, 15
9  U.S.C. 1125 does provide for two different bases for
10 liability: false representation regarding origin,
11 association, or endorsement of goods; and also for false
12 representations in connection with advertising.  Such a
13 claim does not necessarily require proof of ownership of a
14 particular trademark or registrant status in order to have
15 standing to maintain a claim.  For purposes of a false
16 association/origin/endorsement claim, defendants must
17 merely establish that their commercial interests have been
18 harmed by plaintiff's misrepresentations related to its
19 product.  That's *Sandoz Pharmaceutical Corp. v.*
20 *Richardson-Vicks, Inc.*, 902 F.2d 922 (3d Cir. 1990).  And
21 "[T]o have standing for a [Lanham Act] false advertising
22 claim, the plaintiff must be a competitor of the defendant
23 and allege a competitive injury."  That's in the Second
24 Circuit's decision in *Telecom Int'l Am. Ltd. v. AT & T*
25 *Corp.*, 280F F.3d 175, 197 (2d Cir. 2001).  Whatever

1   standards apply here, in my view, and regardless of
2   whether there's an ownership or registration of the mark,
3   the defendants do sell the product at issue and can
4   plausibly allege that plaintiff's misrepresentations on
5   her website about her relationship with defendants, that
6   plaintiff's allegedly false reviews that appear on Amazon
7   about the defendants, and that plaintiff's alleged "sham
8   business" reselling defendants' products did commercial
9   harm by means of deception to their competitor interests.
10  The Second Circuit discusses this issue in the *Fed.*
11  *Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.* case,
12  726 F.3d 62, 72 (2d Cir. 2013) explaining this distinction
13  with respect to the standing requirements for a claim
14  under Section 43 and a claim under Section 32 of the Act.
15  Also, in light of these alleged deceptive actions that are
16  pled with some particularity in the defendants'
17  counterclaim, it makes no difference in my view to the
18  survivability, for pleading purposes at least, that
19  plaintiff has rights under the first-sale doctrine to buy
20  and then to resell products made or distributed by
21  defendants.  I can see why that issue is going to be
22  materially important to the subsequent litigation in
23  scope, possible liability in this case, but I don't think
24  it makes a difference to survivability at this time of the
25  amended counterclaim.

1          As to the defendants' counterclaim for trademark
2    infringement under Section 32 of the Lanham Act, that is
3    15 U.S.C. 1114, I will grant but without prejudice to
4    amend plaintiff's motion to dismiss for failure to
5    plausibly allege ownership (or other rights of
6    enforcement) of the trademark in question.  That issue of
7    standing is elaborated again by the Second Circuit in the
8    *Fed. Treasury* case from 2013 that I just noted.  The term
9    "'registrant' embrace[s] the legal representatives,
10   predecessors, successors and assigns of such applicant or
11   registrant."  I understand and I get the force of
12   Mr. Citron's arguments concerning, well, it appears to be
13   close, there's an allegation of d/b/a of Quality
14   Enterprises company in the complaint, but it does not
15   appear to me that it's actually a party, that the company
16   itself is a party.  I think it could be something that
17   this concern could be redressed, as Mr. Citron indicates,
18   by means of an amendment to the counterclaim, but I can't
19   conclude, in light of what I understand the Second
20   Circuit's fairly strict interpretation of this requirement
21   in the *Fed. Treasury* case, that it's satisfied here on the
22   basis of this amended complaint, although it's a fairly
23   close call.  Otherwise it appears to me if the complaint
24   were amended to address this particular issue, pretty much
25   for the same reasons I've just found the complaint's

1   sufficient as to the deceptive conduct here, I would
2   conclude that it's otherwise sufficient, the counterclaim,
3   under Section 32 with respect to the allegations of
4   deceptive and/or confusion-producing practices to
5   establish trademark infringement.
6          As to the defendants' counterclaims for common
7   law unfair competition and for the CUTPA claim, I will
8   likewise deny the motion to dismiss substantially for the
9   reasons that's been indicated and conceded already, that
10  those claims would survive if the Lanham Act claim does
11  survive.
12         So in short, I will deny plaintiff's motion to
13  dismiss Counts 1, 2 and 4 of the amended counterclaims.  I
14  will grant plaintiff's motion to dismiss Count 2, the
15  trademark infringement, but without prejudice to amend to
16  show facts establishing standing to assert the claim, and
17  recognizing that's a fairly close issue here with the
18  pleadings as they are here.
19         So that's my ruling.  Hopefully that moves you
20  along.
21
22                  *      *      *      *      *
23
24
25

C E R T I F I C A T E

RE: DEPASQUALE v. JACOBOWITZ, ET AL., No. 3:16CV100(JAM)

   I, Diana Huntington, RDR, CRR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages 1 through 7 are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/s/

DIANA HUNTINGTON, RDR, CRR
Official Court Reporter
United States District Court
141 Church Street, Room 147
New Haven, Connecticut 06510
(860) 463-3180