UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA M. DEPASQUALE d/b/a ) <br> HAVENS TOYS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NAFTULA JACOBOWITZ a/k/a Nat Jacobs ) <br> a/k/a Matt Jacob, individually, on behalf of and ) <br> d/b/a Quality Encapsulations a/k/a Cure ) <br> Encapsulations, and/or Throop 57; and ) <br> THROOP 57, LLC; and SHAINDY ) <br> JACOBOWITZ a/k/a Sandy Jacobs, ) <br> individually and on behalf of and d/b/a Cure ) <br> Encapsulations a/k/a Quality Encapsulations; ) <br> and LISA MARTIN, individually and on behalf ) <br> of Quality Encapsulations, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> 3:16cv100 (JAM) <br><br><br><br><br><br><br><br><br><br><br><br> July ___, 2016 |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to D. Conn. L. Civ. R. 26(f), the Parties hereby submit this Report of Parties' Planning Meeting for the Court's consideration in this matter.

Date Complaint Filed:            January 22, 2016

Date Complaint Served:           February 4, 2016[1]

Date of Defendants' Appearance:  February 29, 2016

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, conferences were held between March 30, 2016 and June 14, 2016. The participants were:

---

[1] Plaintiff has served only two defendants NAFTULA JACOBOWITZ and SHAINDY JACOBOWITZ (for purposes of this Report, "Defendants").

Gerald C. Pia, Jr. for the plaintiff, BARBARA M. DEPASQUALE d/b/a HAVENS TOYS ("Plaintiff").

Daniel Green and Andrew Citron for the defendants, NAFTULA JACOBOWITZ and SHAINDY JACOBOWITZ (collectively, for this Report, "Defendants").

**CERTIFICATION**

Counsel for all parties, after consultation with their clients, certify that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed Case Management Plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**JURISDICTION**

**Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction), consistent with 28 U.S.C. § 2201, as well as 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. § 1367 (supplemental jurisdiction).

**Personal Jurisdiction**

Personal jurisdiction is not in dispute.

**BRIEF DESCRIPTION OF CASE**

A. Claims of Plaintiff/s:

This action seeks a declaratory judgment, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, that Plaintiff's sales of "Pure Garcinia Cambogia" does not violate the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*, and further alleges unfair competition and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §

42-110a *et seq.,* by the Defendants.  Plaintiff seeks a declaratory judgment, injunctive relief to enjoin Defendants from future/ongoing violations, and monetary damages**.**

B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s include violations of the Lanham Act, Unfair Competition and CUTPA.

**STATEMENT OF UNDISPUTED FACTS**

IV.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

a. Plaintiff is a citizen of the State of Connecticut.

b. Plaintiff does business as "HAVENS TOYS."

c. Naftula Jacobowitz ("Mr. Jacobs") is a citizen of New York.

d. Shaindy Jacobowitz ("Ms. Jacobs") is a citizen of New York.

**CASE MANAGEMENT PLAN**

        **A.**    **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

        **B.**    **Scheduling Conferences with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  If necessary, the parties prefer a conference by telephone.

        **C.**    **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  On

numerous occasions, the parties discussed the possibility of settlement; the likelihood of settlement is unknown at this time.

2. The parties have scheduled a settlement conference for July 8, 2016 before Magistrate Judge Joan G. Margolis. An early settlement conference may be beneficial and save time and expense.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. In light of recent allegations made by Defendants, Plaintiff may need to file an Amended Complaint. Plaintiff will seek to conduct discovery on that issue and amend as appropriate. To date, Defendants have filed one amended answer and counterclaims.

2. In the Court's ruling on Plaintiff's motion to dismiss, the Court ordered Defendants to amend their counterclaims again to implead / add an additional party; and parties agree that Defendants should be allowed until July 14, 2016 to do so. Plaintiff will file an appropriate response within thirty (30) days of Defendants' second amended answer/counterclaims.

Defendants may seek to add additional parties beyond those addressed in the Court's ruling and should be allowed until August 1, 2016 to file motions to add other parties.

### E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects:

**(a)** *Plaintiff's Anticipated Discovery*

    (i)    The relationship between the Defendants;

    (ii)    Defendants' claim of trademark infringement, as stated in cease and desist correspondence and otherwise;

    (iii)    Defendants manufacture, marketing and/or sale of PCG;

    (iv)    The activities of Lisa Martin;

    (v)    Feedback and complaints made to Amazon.com;

    (vi)    Defendants' purchases from Plaintiff;

    (vii)    Defendants' statements regarding Plaintiff and/or products sold by Plaintiff;

    (viii)    Defendants' business and operations;

    (ix)    Defendants' sales and profits, especially during the time frame in which complaints by Defendants and/or third parties were made to Amazon.com;

    (x)    Defendants' affirmative defenses;

    (xi)    Defendants' counterclaim, including allegations of dilution;

    (xii)    Defendants' "Mark" as defined in the counterclaim.

**(b)** *Defendants' Anticipated Discovery*

    (i)    The relationship between plaintiff/FourofUs and Morris Cohen;

    (ii)    The parties' claims of unfair competition;

    (iii)    Ordering, marketing and/or sale of PCG or Garcinia Cambogia, packaged by Quality Encapsulations ("Garcinia Cambogia QE") involving plaintiff and/or her associates;

    (iv)    The activities of Morris Cohen;

    (v)    Feedback, reviews, comments, votes and complaints made to Amazon.com, including their truth or falsity;

      (vi)      Plaintiff's statements regarding Defendants and/or products sold by Defendants;

      (vii)     Plaintiff's business and operations

      (viii)    Plaintiff's sales and profits;

      (ix)      Plaintiff's claim to place an invisible mark on products;

      (x)       Claims made or involvement by Amazon in the above;

      (xi)      Violations of Amazon's rules involving plaintiff or her associates;

      (xii)     Attempts by plaintiff and/or her associates to sabotage defendants' business.

Notwithstanding the above, the parties do not concede discoverability of the above, and reserve the right to assert any and all available objections in response to particular discovery requests.

      2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately upon the filing of this Report, and will be completed (not propounded) by January 31, 2017.

      3.      Discovery will not be conducted in phases.

      4.      Discovery will be completed by January 31, 2017.

      5.      The parties anticipate that the Plaintiff will require a total of approximately 2-4 depositions of fact witness, and the Defendants will require a total of approximately 8 depositions of fact witnesses.  Plaintiff believes that 8 depositions is excessive and reserves to the right to object to same.  The depositions may commence 30 days after filing this report, and be completed by January 31, 2017.

6. The Parties will request permission to serve more than twenty-five (25) Interrogatories.

7. Plaintiff reserves the right to call one or more expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2016. Depositions of any such experts will be completed by November 30, 2016.

8. Defendants reserve the right to call one or more expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31, 2016. Depositions of any such experts will be completed by January 31, 2017.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 31, 2016.

10. Undersigned counsel have discussed generally the disclosure and preservation of electronically-stored information ("ESI") and the parties agree to the following procedures for the preservation, disclosure and management of ESI, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information. The parties do not know whether there will be significant electronic discovery in this case. It is unclear whether the parties will need forensic discovery related to computers and/or similar devices. The parties will attempt to reach an agreement on appropriate search procedures, and the appropriate professional to perform such investigation.

Unless otherwise indicated in a discovery request with a justifiable basis therefor, ESI should be maintained in its original electronic form and produced in a format reasonable under the circumstances, taking into account the nature of the request and the costs of complying with such request. The parties agree to the following procedures for the preservation, disclosure and management of ESI:

(a) Where available, ESI that is or is reasonably believed to contain information that is responsive to duly-served discovery requests, the responding party, upon request, will identify (i) the location of the stored information; (ii) the technological form of the stored location; and (iii) the custodian or individual responsible for the maintenance of the stored information.

(b) In addition to identifying information set forth immediately above, ESI that is or is reasonably believed to contain information that is responsive to duly-served discovery requests, shall be timely produced in paper format, electronic, or other reasonable format by mutual consent or leave of the Court.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver or privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to return any and all inadvertently produced privileged information upon determining that such material was produced by an opposing party or having been notified by opposing counsel that such material has been produced, subject to the parties' rights to seek Court intervention with respect to a final determination that such material is in fact privileged. The parties may request an order of the Court to the effect contemplated by Fed. R. Evid. 502(d).

**F.**     **Dispositive Motions**

Dispositive motions will be filed on or before March 3, 2017.

### G. Joint Trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed within thirty (30) days from the Court's ruling on any Motion for Summary Judgment, or if no such motion is filed, by April 3, 2017.

### H. Initial Disclosures

Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) will be made within thirty (30) days of the Court's approval of this report.

**TRIAL READINESS**

The case will be ready for trial thirty (30) days after the Joint Trial Memorandum is filed.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Date:

| THE PLAINTIFF<br>BARBARA M. DEPASQUALE d/b/a<br>HAVENS TOYS<br><br>By: _____/s/_____<br>Brian C. Roche – ct 17975<br>Gerald C. Pia, Jr. – ct 21296<br>Roche Pia, LLC<br>Two Corporate Drive, Suite 248<br>Shelton, CT 06484<br>Phone: (203) 944-0235<br>Fax: (203) 567-8033<br>E-mail: broche@rochepia.com<br>gpia@rochepia.com | THE DEFENDANTS<br>NAFTULA JACOBOWITZ a/k/a Nat Jacobs a/k/a Matt Jacob, individually, on behalf of and d/b/a Quality Encapsulations a/k/a Cure Encapsulations, and/or Throop 57; and SHAINDY JACOBOWITZ a/k/a Sandy Jacobs, individually and on behalf of and d/b/a Cure Encapsulations a/k/a Quality Encapsulations<br><br>By: _____/s/_____<br>Andrew Citron<br>30 Wall Street, 8th Floor<br>New York, New York 10005<br>(212) 804-5759 |

|  | E-mail: Andrew.citron2@verion.net |
|---|---|
|  | By: _____/s/_____<br>Daniel Green<br>Begos Brown & Green LLP<br>2425 Post Road, Suite 205<br>Southport, CT 06890<br>Direct Dial: (203) 254-1904<br>Fax: (203) 222-4833<br>E-mail: Dgreen@bbgllp.com |

## **CERTIFICATION**

I hereby certify that, on the date hereon, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s/_____
Gerald C. Pia   (ct 21296)
Brian C. Roche (ct 17975)